IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ROGER JAMES ZORN, SR.,        )
                              )
     Plaintiff,               )
                              )      CIVIL ACTION NO.
     v.                       )        2:25cv326-MHT
                              )            (WO)
PIKE COUNTY COMMISSION and    )
ITS MEMBERS,                  )
                              )
     Defendants.              )
```

OPINION

Plaintiff filed this lawsuit apparently seeking to hold the defendant county commission and its members liable in relation to the tragic death of plaintiff's son, who was the victim of a hit and run while walking along an Alabama highway.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed without prejudice for failure to follow a court order to file an amended complaint by a date certain, and, in the alternative, for failure to state a claim and because the court cannot determine whether there is a

basis for subject-matter jurisdiction. After the recommendation was entered, plaintiff finally filed an amended complaint, which the court will treat as timely filed objections to the magistrate judge's recommendation. Plaintiff later filed a motion to transfer the case.

After an independent and de novo review of the record, including careful review of the objections, the court concludes that plaintiff's objections should be overruled, the magistrate judge's recommendation should be adopted to the extent that it recommends dismissal for failure to state a claim upon which relief may be granted, the motion to transfer should be denied, and the case should be dismissed without prejudice.

Plaintiff has failed to set forth in the complaint or objections any factual basis for holding the named defendants liable. Based on the objections, it appears that plaintiff seeks to hold the county commission and its members liable because he is dissatisfied with the

investigation conducted by the coroner's office, the clerk of court's inability to give him the name of a suspect in his son's killing or a case number, and the sheriff's office's failure to arrest a suspect. However, a plaintiff does not have a legal right to a particular outcome in a criminal investigation. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Moreover, even if plaintiff did have a legally protected interest in a successful prosecution of the person who killed his son, plaintiff does not state in the complaint any facts showing that the county commission or its members played any role in the investigation's failure. Therefore, the complaint fails to state a claim upon which relief can be granted.

Additionally, plaintiff's motion to transfer will be denied because plaintiff has failed to show that the

current venue is improper or that there is a more convenient venue. *See* 28 U.S.C. § 1391; 28 U.S.C. § 1404(a).

An appropriate judgment will be entered.

DONE, this the 6th day of October, 2025.

                               /s/ Myron H. Thompson
                               UNITED STATES DISTRICT JUDGE